**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-00903-PAB-MDB

**BENJAMIN STURGEON**

    Plaintiff,

v.

**LISA CABRERA AND JONATHAN CABRERA**

    Defendants.

**AMENDED COMPLAINT AND JURY DEMAND**

Plaintiff, by and through his attorney, Renee M. Gerni of Baker Law Group, LLC, asserts the following claims for relief against the above-named Defendants as follows:

**JURISDICTION AND VENUE**

1.    Under 28 U.S.C. § 1332, a case arising between citizens of different states is an action brought by diversity. This action is brought against Defendant Lisa Cabrera and Defendant Jonathan Cabrera for allegations of defamation *per se* and civil conspiracy in violation of C.R.S. § 13-21-111.5(4), because they filed false complaints to the Colorado Department of Regulatory Agencies (hereinafter "Colorado DORA") containing false and defamatory allegations against Plaintiff and also posted false and defamatory reviews of Plaintiff on two (2) separate websites, both of which have caused Plaintiff to incur damages.

1

2. There is complete diversity of citizenship between all Plaintiffs and Defendants in this case in that, at all relevant times the Defendants were citizens of the state of California, with an address of 2013 Cedar Pine Lane, Big Bear City, California 92314; Plaintiff is domiciled in Colorado Springs, Colorado.

3. Plaintiff seeks recovery under Colorado tort law and C.R.S. § 13-21-111.5(4). The amount in dispute in this action, exclusive of interest and costs, exceeds the sum of $75,000. Therefore this Court has jurisdiction over this dispute under 28 U.S.C. § 1332.

4. This Court has jurisdiction to hear Colorado state law claims under its supplemental jurisdiction pursuant to 28 U.S.C. § 1367. *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966). The requirements are met here as the non-federal claims arise "from a common nucleus of operative fact" such that a plaintiff "would ordinarily be expected to try them in one judicial proceeding." *Id*. Colorado's statue addressing similar claims provides additional relief for the same or similar conduct. C.R.S. § 13-21-1401, et. seq.

5. Venue is proper in the District of Colorado pursuant to 28 U.S.C. §1391(b)(2), as the Plaintiff resides in the District of Colorado and the acts alleged were directed towards a governmental agency within the state of Colorado.

## PARTIES

6. Plaintiff is a natural person residing in the State of Colorado.

7. Defendants Lisa Cabrera and Jonathan Cabrera are, upon information and belief, residents of the state of California, with an address of 2013 Cedar Pine Lane, Big Bear City, California 92314.

8. At all relevant times, Plaintiff was a Licensed Professional Counselor in the state of Colorado, with regulatory oversight held by Colorado DORA.

**FACTUAL BACKGROUND**

9. Plaintiff hereby incorporates by reference all prior allegations set forth in this Complaint.

10. Defendant Lisa is Plaintiff's sister and Defendant Jonathan is Plaintiff's nephew.

11. In January 2024, Plaintiff and Defendant Lisa's mother passed away.

12. On or around February 2024, Plaintiff began raising concerns that Defendant Lisa was mishandling funds of their mother's estate, particularly surrounding the time comprising the sale of real property of the estate.

13. On February 12, 2024, Plaintiff's wife, Maura Burke, advised Defendant Lisa that Plaintiff intended to obtain legal representation to look into all estate records, including financial records pertaining to the estate.

14. That same day, Defendant Lisa responded via email that "Jonathan is coming after Ben …. in a huge way." L. Cabrera Email to M. Burke 2/12/24, attached as **Exhibit 1**.

15. Plaintiff is a Licensed Professional Counselor in the state of Colorado and works at Connections Trauma Consulting & Psychotherapy.

16. On February 14, 2024, three (3) separate – purportedly anonymous – complaints were filed with Colorado DORA against Plaintiff.

17. The first complaint stated the following: "Benjamin F. Sturgeon MA, L.P.C., a private practice therapist was witnessed to go to work every day very intoxicated. Mr. Sturgeon was seen to consume a "handle" or 60 ounces of vodka daily. He drove and practiced intoxicated. He also consumed large amounts of cocaine and MDMA on a regular basis."

18. The second complaint stated the following: "Benjamin F. Sturgeon, M.A., L.P.C psychotherapist was witnessed by me in December 2023, 12/01/2023 through 12/10/2023 to consume

3

60 ounces a day of vodka while practicing psychotherapy and driving. I also witnessed heavy use of cocaine and MDMA by him on a regular basis."

19. The third complaint stated the following: "Benjamin F. Sturgeon, M.A., L.P.C psychotherapist was witnessed by myself in December 2023, 12/01/2023 through 12/10/2023 to consume 60 ounces a day while practicing psychotherapy and driving. I also witnessed heavy use of cocaine and MDMA by him on a regular basis."

20. The third complaint, while noted as anonymous, contained Defendant Lisa's name, partial phone number, and email address under the Respondent Section while containing the complaint against Plaintiff as outlined *supra* in ¶ 17.

21. Plaintiff had no in-person contact with Defendant Lisa in December 2023. Until the passing of their mother in January 2024, Plaintiff and Defendant Lisa had no in-person contact after July 2023. Thus, it would be impossible for Defendant Lisa to witness Plaintiff drinking or using drugs from December 1 to December 10, 2023, as she alleges in her complaints to DORA.

22. Defendant Jonathan has not visited his uncle, the Plaintiff, in Colorado since 2017 and thus could not have witnessed him consuming drugs or alcohol or providing therapy services to clients.

23. Plaintiff has not had in-person contact with Defendants since the passing of their relative in January 2024.

24. Additionally, Plaintiff received anonymous reviews online which mirror the Colorado DORA complaints.

25. These anonymous reviews were published online on or around February 14, 2024, the same date Plaintiff received the false Colorado DORA complaints.

26. On February 14, 2024, an anonymous review of Plaintiff and Plaintiff's practice was

4

published on healthgrades.com, which stated "Seamed [sic] high or drunk… full of himself too! Go anywhere else."

27. On or about February 14, 2024, Plaintiff and Plaintiff's practice received a review on its Google page, stating "terrible spend your money else where… seamed [sic] high or drunk;".

28. On March 5, 2024, counsel for Plaintiff sent Defendants a Cease and Desist letter advising Defendants that their statements to DORA and in online posts were defamatory and that Plaintiff would pursue legal action against Defendants if they did not immediately "1) cease and desist from publishing false and defamatory statements regarding Mr. Sturgeon and/or Connections Trauma Consulting & Psychotherapy; 2) cease and desist from publishing additional false and defamatory statements to any regulatory agency; and 3) remove all incorrect reviews regarding Mr. Sturgeon and/or Connections Trauma Consulting & Psychotherapy from all online platforms."

29. Later that day, Defendant Lisa responded to Plaintiff's counsel via email. In her email, attached hereto as **Exhibit 2**, Defendant Lisa states: "[t]his is Lisa Cabrera, I will investigate what my son may or may not have done. I assure you I will do all I can to retract any inflammatory remarks made publicly." L. Cabrera Email to N. Motlagh, 3/5/24.

30. On or about March 24, 2024, Plaintiff's brother, Aaron Sturgeon, received a phone call from Defendant Lisa Cabrera regarding this matter. On this call, Defendant Lisa was extremely upset, and told Aaron Sturgeon that she had submitted a false complaint to Colorado DORA regarding Plaintiff. Defendant Lisa believed Plaintiff was angry with her and sought Aaron Sturgeon's advice as to how to mend her relationship with Plaintiff. Defendant Lisa told her brother Aaron that she wished she could "take back" the statements made against Plaintiff to DORA and in online posts. When Aaron asked why she did not "take back" the statement about Plaintiff, Defendant Lisa responded that retracting the statement would cause her to lose her nursing license.

5

31. That conversation is detailed in the sworn declaration of Aaron Sturgeon, attached here as **Exhibit 3** and Defendant Lisa's statement against interest is binding herein.

32. On April 10, 2024, shortly after the filing of this action, counsel for Defendants contacted Plaintiff's spouse, Maura Burke via letter.

33. The purpose of this communication was to advise Plaintiff's spouse that her communications with Defendant Lisa would be important to the Defendants' defense of these claims. Specifically, Defendants' counsel claimed that: "[i]f the Cabreras can establish that Mr. Sturgeon abuses alcohol, any post or report they allegedly made is not defamatory, and Mr. Sturgeon will lose in court." A. Swan Email to M. Burke, 4/10/24, attached as **Exhibit 4**.

34. Defendants' counsel's April 10 email communication says nothing about the Defendants' claims that Plaintiff abused cocaine and MDMA in addition to alcohol.

35. In response to this communication to Plaintiff's spouse, on April 12, 2024, Plaintiff's counsel sent Defendants' counsel a copy of Defendant Lisa's March 5 email stating that she would "investigate what my son may or may not have done" and assuring she will do all she can "to retract any inflammatory remarks."

## FIRST CLAIM FOR RELIEF
*Defamation Per Se – All Defendants*

36. Plaintiff hereby incorporates by reference all prior allegations set forth in this Complaint.

37. In Colorado, the action of defamation requires "(1) a defamatory statement concerning another; (2) published to a third party; (3) with fault amount to at least negligence on the part of the publisher; and (4) either the actionability of the statement irrespective of special damages or the existence of special damages to the plaintiff caused by the publication." *Williams v. District Court*, 866 P.2d 908, 911 n.4 (Colo. 1993).

6

38. A statement is false "if its substance or gist is contrary to the true facts, and reasonable people learning of the statement would be likely to think significantly less favorably about the person referred to than they would if they knew the true facts." *Denver Publ. Co. v. Bueno*, 54 P.3d 889, 899 (Colo. 2002) (quoting CJI-Civ. 4th 22:11).

39. "A statement may be defamatory if it tends to harm the reputation of another as to lower him to the estimation of the community or to deter third persons from associating or dealing with him." *Burns v. McGraw Hill Broadcasting Co.*, 659 P.2d 1351, 1357 (Colo. 1983).

40. Even if the statement in question is a matter of opinion, Plaintiff may recover if said opinion is based on undisclosed or assumed defamatory facts of which the recipient of said communication is unaware but which the recipient can reasonably expect to exist. *Id.* at 1358.

41. Defamatory communications transmitted via writing are known as libel. *Keohane v. Stewart*, 882 P.2d 1293, at 1297 n.5. (Colo. 1994).

42. A statement is defamatory per se if its "defamatory meaning is apparent from the fact of the publication," or if the statement in question falls under one of the following categories: "imputation of (1) a criminal offense; (2) a loathsome disease; (3) a matter incompatible with the individual's business, trade, profession, or office; or (4) serious sexual misconduct." *Gordon v. Boyles*, 99 P.3d 75, 79 (Colo. App. 2004).

43. In claims involving defamation per se, damages are presumed. *Id.*

44. In the three nearly identical Colorado DORA complaints, it was falsely alleged that:

  a. Plaintiff consumed sixty (60) ounces of vodka a day, while at his practice and while driving;

  b. Plaintiff heavily used MDMA; and

  c. Plaintiff heavily used cocaine.

7

45. In two of the three complaints, the complainant Defendant Lisa, alleged that she witnessed Plaintiff's excessive use of alcohol, cocaine and MDMA on December 1 through December 10, 2023.

46. The anonymous online reviews followed suit, alleging that Plaintiff appeared to be "high or drunk."

47. All of the above statements were false in that they explicitly impute illegal drug abuse and alcohol abuse upon Plaintiff to distort his reputation and make Plaintiff appear in a less than favorable light.

48. Defendants made the above-reference false statements to Colorado DORA and online forums with the knowledge that they were false or with reckless disregard for their truthfulness or falsity.

49. Defendants' statements were clearly defamatory in that they served to harm Plaintiff's reputation, lower his estimation in the community, and deter others from associating with him, as detailed in the preceding ¶¶ 15-18. *Burns*, 659 P.2d at 1357.

50. Defendants' statements also alleged that Plaintiff acted in a manner incompatible with his business, trade, profession, or office, constituting defamation per se. *Boyles*, 99 P.3d at 79.

51. This is in addition to the actual damages to Plaintiff caused by Defendants statements, as detailed in the preceding ¶¶ 15-18.

52. As such, Defendants are liable to Plaintiff for libel per se and slander per se resulting from their statements to Colorado DORA and online forums, respectively.

**SECOND CLAIM FOR RELIEF**
*Civil Conspiracy – All Defendants*

53. Plaintiff hereby incorporates by reference all prior allegations set forth in this Complaint.

54. "Joint liability shall be imposed on two or more persons who consciously conspire and deliberately pursue a common plan or design to commit a tortious act." C.R.S. § 13-21-111.5(4).

55. To establish a civil conspiracy, there must be (1) two or more persons […]; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts, and (5) damages as the proximate result thereof."

56. Both Defendants conspired with the common goal of defaming Plaintiff and thereby causing him to seek legal counsel to defend against the false and defamatory Colorado DORA complaints.

57. Both Defendants wrongfully, unlawfully, and tortiously defamed Plaintiff in furtherance of this object and course of action both when initiating the false complaint against him to Colorado DORA and then continuing to make false reviews in online forums.

58. This proximately resulted in damages to Plaintiff.

59. As such, Defendants are jointly liable for conspiring to defame Plaintiff and Plaintiff's professional reputation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for the following relief:

1. Enter judgment in favor of Plaintiff and against Defendants for Plaintiff's Claims for Relief.
2. Order damages for Plaintiff in the amount necessary to fully and fairly compensate Plaintiff for the damages sustained, including special and actual damages, plus interest, costs, and reasonable attorney fees.
3. Order Defendants to retract and correct any and all defamatory statements against Plaintiff, and to cease and desist from making any further such statements.
4. Any other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury on all issues so triable.

Dated: June 7, 2024

                                                    s/ *Renee M. Gerni*
                                                    Renee M. Gerni, #59211
                                                    BAKER LAW GROUP, LLC
                                                    8301 E Prentice Ave, #405
                                                    Greenwood Village, CO 80111
                                                    *Attorney for Plaintiff*