

CONOVER BUILDING
24 SOUTH WEBER STREET, SUITE 205
COLORADO SPRINGS, COLORADO 80903
TELEPHONE: (719) 694-3000

PTARMIGAN AT CHERRY CREEK
3773 CHERRY CREEK NORTH DRIVE, SUITE 710
DENVER, COLORADO 80209
TELEPHONE: (720) 699-3000
FACSIMILE: (866) 515-8628
WWW.LL.LAW

**Andrew E. Swan**

April 10, 2024

*Via email only (maura.burke@outlook.com)*

Re:     *Sturgeon v. Cabrera et al.*; 1:24-cv-00903-PAB (D. Colo.)

Dear Ms. Burke:

This firm represents Lisa and Jonathan Cabrera in a federal action captioned *Benjamin Sturgeon v. Lisa Cabrera and Jonathan Cabrera* which is pending in United States District Court. I write to you as the Cabreras' attorney. To be clear, I do not represent Mr. Sturgeon or you. I understand that Mr. Sturgeon is represented by counsel and that you are not. Because Mr. Sturgeon is represented, I cannot communicate with him. If you are represented by counsel, please provide this letter to your attorney who can then contact me. I cannot provide you any legal advice, and I would note that you are entitled to hire your own attorney if you would like to do so.

In this case, Mr. Sturgeon alleges that the Cabreras conspired to, and then did, defame him with certain posts and reports about his drinking. Mr. Sturgeon claims that he does not abuse alcohol and that any statement otherwise is "false[.]" Complaint and Jury Demand, p. 6. He repeatedly denies that he has any issue with alcohol. *Id.*

The issue, of course, is that the evidence suggests that Mr. Sturgeon in fact abuses alcohol. We know this based on Ms. Cabrera's observations, but we also know this because of your communication about the subject with Ms. Cabrera. Much of your recent communication was in writing, and Ms. Cabrera has shared it with me.[1] If the Cabreras can establish that Mr. Sturgeon abuses alcohol, any post or report they allegedly made is not defamatory, and Mr. Sturgeon will lose in court. After all, "[s]ubstantial truth is an *absolute* defense to a defamation claim." *Fry v. Lee*, 408 P.3d 843, 848 (Colo. App. 2013) (emphasis added). Someone who makes a statement does not need to prove the truth of every word of that statement. It is enough that he or she merely establishes that the "gist" of the matter is true. *Gomba v. McLaughlin*, 504 P.2d 337, 339 (Colo. 1972).

---

[1] Ms. Cabrera has not shared this communication with Mr. Sturgeon.

LEVENTHAL | LEWIS

Maura Burke
April 10, 2024
Page 2 of 2

In reviewing the posts and reports that Mr. Sturgeon alleges my clients made, do you believe that the "gist" is true? Based on your repeated comments to Ms. Cabrera along with your repeated efforts to get Mr. Sturgeon the help he needs, it appears that you believe it is true.

This is an exceedingly sad situation. I myself have faced the issue of family members who abuse alcohol, and I know that it is a chronic, omnipresent source of tension. In addition to the damage alcohol abuse does to an addict's body, it can cause the sort of paranoia and anger that you have often described to Ms. Cabrera. I recognize that you are in a difficult position because you are both Mr. Sturgeon's wife and because you are aware of his problem.

But I hope that, unlike Mr. Sturgeon, you can be objective about what this case will involve. If the litigation continues, my clients will establish the substantial truth of any alleged statements. They will do so with your own anguished words. These proceedings and the filings in court are public, and they will not benefit Mr. Sturgeon's reputation. If Mr. Sturgeon loses—and we fully expect that he will—we will seek an award of the Cabreras' legal fees which will quickly reach the six-figure range. Those are in addition to his own legal fees. Nobody is better off if Mr. Sturgeon declines to voluntarily dismiss the case now.

I am so sorry that you have found yourself in this position. If I might be permitted an observation, it seems that a better use of Mr. Sturgeon's time, effort, and money would be in obtaining necessary addiction treatment, not pursuing an expensive and public case he almost certainly will lose. I know that the Cabreras care deeply for their brother/uncle, and they want the best for him...and for you. I do not believe that continuing this case is the best path forward.

Respectfully,

Andrew E. Swan

AES/kb