IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-00903-PAB-MDB

BENJAMIN STURGEON,

    Plaintiff,

v.

LISA CABRERA, and
JONATHAN CABRERA,

    Defendants.

---

## ORDER

---

This matter comes before the Court on Plaintiff's Motion for a Temporary Restraining Order [Docket No. 27]. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiff Benjamin Sturgeon, a licensed professional counselor, filed this case on April 3, 2024, bringing one claim for defamation and one claim for civil conspiracy against defendants Lisa Cabrera and Jonathan Cabrera. Docket No. 1. Mr. Sturgeon alleges that, after he began raising concerns that his sister, Lisa Cabrera, was mishandling funds of their mother's estate and after plaintiff's wife, Maura Burke, informed Lisa Cabrera that plaintiff intended to obtain legal representation to look into the estate records, Lisa Cabrera and her son, Jonathan Cabrera, filed false complaints of Mr. Sturgeon's alcohol and drug use with the Colorado Department of Regulatory Agencies and posted false and defamatory reviews of Mr. Sturgeon online. Docket No. 21 at 1, 3, 6-9, ¶¶ 1, 12-13, 36-59. On July 15, 2024, Mr. Sturgeon filed a motion for a

temporary restraining order ("TRO") asking the Court to prevent defendants from (1) "trying to settle this matter outside of court;" (2) distributing pornographic images of Mr. Sturgeon's daughter; and (3) destroying evidence relevant to this case.  Docket No. 27 at 8.

In order to obtain a temporary restraining order, a plaintiff must demonstrate that he will suffer "imminent, irreparable harm resulting from defendants' actions if a TRO is not issued before the Court can hold a preliminary injunction hearing." *Montana Wyoming State Area Conf. of NAACP v. United States Election Integrity Plan*, No. 22-cv-00581-PAB, 2022 WL 1061906, at *3 (D. Colo. Apr. 8, 2022) (citing *Tijuanas Produce, Inc. v. Shorty's Produce, Inc.*, No. 18-cv-00587-PAB, 2018 WL 1952600, at *1 (D. Colo. Mar. 29, 2018)); *see also NCO Fin. Sys., Inc. v. Vogle*, 2007 WL 9782797, at *1 (N.D. Okla. Apr. 18, 2007) ("the Court finds no exigent circumstances that would require entry of the TRO requested by [plaintiff] prior to holding a preliminary injunction hearing pursuant to Federal Rule of Civil Procedure 65(a)").

Mr. Sturgeon has failed to demonstrate an exigent need for immediate injunctive relief.  Mr. Sturgeon identifies three reasons for issuing a TRO.  First, Mr. Sturgeon asks the Court to "prevent Defendants from trying to settle this matter outside of court," stating that Ms. Cabrera "asked her brother Aaron Sturgeon[1] to assist her in attempting to settle this lawsuit."  Docket No. 27 at 8-9 (footnote added).  The motion indicates that, following the filing of Mr. Sturgeon's amended complaint on June 17, 2024, Ms. Cabrera

---

[1] The Court will refer to plaintiff Benjamin Sturgeon as "Mr. Sturgeon" and will refer to Aaron Sturgeon by his first and last names.

2

sent several texts to Aaron Sturgeon that request "his assistance in resolving this matter." *Id.* at 3; *see also* Docket No. 27-1 at 2-5.

Assuming that this request was improper, given that approximately a month has elapsed between when these text messages were sent and when Mr. Sturgeon filed the TRO motion, *see* Docket No. 27 at 3, and given that there is no indication that any future efforts by defendants to ask Aaron Sturgeon to help settle the matter are imminent, this argument does not demonstrate that there are exigent circumstances requiring entry of a TRO prior to holding a preliminary injunction hearing.

Second, Mr. Sturgeon asks the Court to prevent defendants from "further distribution" of pornographic images of his daughter. *Id.* at 8. The motion states that, on June 9, 2024, Mr. Cabrera sent a text message to Mr. Sturgeon containing sexually explicit photos of Mr. Sturgeon's daughter. *Id.* at 4; Docket No. 27-2. He later sent another text message that said, "[w]hoops wrong person." *Id*. Mr. Sturgeon claims that Mr. Cabrera's "message to Plaintiff that the text was meant for someone else shows that [Mr. Cabrera] has and will continue to distribute these images to others." Docket No. 27 at 9.

That Mr. Cabrera sent such images to Mr. Sturgeon on June 9, 2024 does not demonstrate the need for immediate injunctive relief. The motion does not suggest that there is any imminent threat of Mr. Cabrera sending such images to plaintiff or others. Moreover, the motion does not explain how the text messages that Mr. Cabrera sent to Mr. Sturgeon are in any way connected with this litigation. Therefore, Mr. Sturgeon has failed to demonstrate that there are exigent circumstances requiring entry of a TRO prior to holding a preliminary injunction hearing regarding this incident.

3

Third, Mr. Sturgeon asks the Court to enjoin defendants from destroying evidence relevant to this case. *Id.* at 8. Mr. Sturgeon claims that, on June 24, 2024, Ms. Cabrera had a telephone conversation with Aaron Sturgeon in which she stated that she "has deleted all text messages between herself and Maura Burke," who is Mr. Sturgeon's spouse. *Id.* at 4. According to Mr. Sturgeon, this conversation "evidences [Ms. Cabrera's] intent to destroy evidence that may be relevant to this litigation." *Id.* at 9. However, the motion does not point to any evidence indicating that Ms. Cabrera stated that she intends to destroy evidence in the future.[2] Moreover, it is not clear that the effect of Ms. Cabrera deleting her copies of the text messages between herself and Ms. Burke has been to deprive Mr. Sturgeon of relevant evidence. Ms. Cabrara stated that she deleted the messages "so that they will need to be subpoenaed," *id.* at 11 (internal quotations omitted), which suggests that Ms. Cabrera did not believe that the messages were permanently destroyed. In addition, there is reason to believe that Mr. Sturgeon has access to the content of these messages since they were sent to his wife. The motion contains no indication that Ms. Burke has deleted the messages. To the contrary, the motion states that defendants' counsel sent a letter to Ms. Burke urging her to preserve all communications she had with Ms. Cabrera. *Id.* It does not appear on the face of the motion that evidence has actually been destroyed. Therefore, Mr.

---

[2] Mr. Sturgeon did not attach a transcript or recorded copy of the telephone call to his motion, instead attaching a placeholder exhibit indicating that the recorded phone call would be provided to the Court via USB copy/transcription. Docket No. 27-3; *see also* Docket No. 27-4 at 2, ¶ 5 (declaration by counsel for Mr. Sturgeon stating that "Plaintiff is in the process of having this recording [of the telephone call] transcribed, and a USB copy of the recording will be shared with the court."). At the time of this order, the Court had not yet received a transcription or copy of the recorded telephone call. Accordingly, the Court relies on the motion's representation of what Ms. Cabrera said during the telephone call.

4

Sturgeon has failed to demonstrate that there are exigent circumstances requiring entry of a TRO prior to holding a preliminary injunction hearing based on Ms. Cabrera's statements to Aaron Sturgeon that she deleted text messages between herself and Ms. Burke.

Since Mr. Sturgeon has failed to demonstrate that he will suffer "imminent, irreparable harm resulting from defendants' actions if a TRO is not issued before the Court can hold a preliminary injunction hearing," *see Montana Wyoming State Area Conf. of NAACP*, 2022 WL 1061906, at *3, the Court will not issue a TRO, but will instead treat the motion as a motion for a preliminary injunction. Since the motion was not filed as a motion for a preliminary injunction, the Court will permit Mr. Sturgeon to file a supplement to the motion.

Therefore, it is

**ORDERED** that Mr. Sturgeon may file a supplement to Docket No. 27 on or before **July 22, 2024**. It is further

**ORDERED** that defendants shall file a response to Mr. Sturgeon's motion and supplement on or before **July 29, 2024**. It is further

**ORDERED** that Mr. Sturgeon may file a reply on or before **August 5, 2024**. It is further

**ORDERED** that a preliminary injunction hearing is set for **August 8, 2024 at 8:30 a.m.** in Courtroom A 701 before Chief Judge Philip A. Brimmer.

DATED July 16, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge